E-FILED
Friday, 26 June, 2026 10:57:13 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

Morgan Cole on behalf of himself and all others similarly situated

Plaintiffs,

v.

Dalstrong America Inc.,

Defendant

Case No.: 4:26-cv-4053

Hon. Ronald L. Hanna

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Dalstrong America Inc., by and through its attorney, Revision Legal, PLLC, moves this Court pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss Plaintiff's Complaint in whole and relies on the accompanying Brief in Support. In support of this Motion, Defendant states as follows:

1. Plaintiff Morgan Cole ("Plaintiff") is a visually impaired individual who alleges that he uses screen reader software to access websites on the Internet. Compl. at ¶ 2.

2. In 2026 alone, Plaintiff has filed at least 21 different lawsuits in this district alleging various websites have violated the Americans with Disabilities Act ("ADA"). See **Exhibit 1**, Collection of Cole Complaints. In 2025, Plaintiff filed an additional 33 complaints of the same nature. Each of these complaints is nearly identical to all of the others.

3. Defendant respectfully requests that this Court take judicial notice of the collection of complaints filed in this District. See **Exhibit 1**, Collection of Cole Complaints. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (citations omitted) ("It's well established that judges may take judicial notice of matters of public record when ruling on a motion to dismiss….And [t]aking

judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.") (citations omitted).

4. Defendant Dalstrong America Inc. ("Dalstrong") is registered to do business in the State of Delaware and sells premium kitchen knives and cookware exclusively online, through its website https://dalstrong.com/ (the "Website").

5. Plaintiff visited Dalstrong's Website on one occasion on November 3, 2025, with the intent to purchase the Meat Cleaver 9 product. Compl. ¶ 40. Plaintiff alleges that, while browsing the Website using screen-reader software, he encountered certain features he contends were not fully compatible with his assistive technology and that these "access barriers render[ed] the Website inaccessible to, and not independently usable by, blind and visually impaired individuals." *Id.*

6. Plaintiff asserts claims under Title III of the Americans with Disabilities Act ("ADA"), alleging that Defendant's website is not fully accessible to visually impaired users.

7. Plaintiff's claims are premised on the legal theory that the Website constitutes a place of public accommodation. Compl. ¶ 59. However, this Court has recognized ADA claims only in the context of hotel reservation websites in which the website served as a reservation mechanism for an actual place of lodging—a statutory public accommodation. Those cases do not address, much less adopt, the proposition that a website standing alone is a "place of public accommodation" when the defendant operates no physical place open to the public.

8. The most recent authority within this District holds that "A website does not appear to fall within the statutory definition of a 'public accommodation.'" *Henry v. Omoi*, Inc., No. 25-CV-3151, 2026 WL 636799, at *3 (N.D. Ill. Mar. 6, 2026).

9. Further, Plaintiff's Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff did not plead sufficient facts to plausibly allege standing. As set forth in Defendant's accompanying Brief, Plaintiff lacks Article III standing because he has not alleged a concrete and particularized injury-in-fact or a plausible likelihood of future harm.

10. Plaintiff further alleges an intent to return to the website at some unspecified future time, contingent upon remediation of the alleged barriers, but does not allege concrete facts supporting a real and immediate threat of future injury.

11. Defendant further contends that Plaintiff did not suffer the alleged injury because the objective technical record shows that no user from Morgan County, Illinois accessed the website on the alleged date, no user from the State of Illinois viewed the Meat Cleaver 9 on the alleged date, and thus no Illinois user added the identified product to cart on that date. **EXHIBIT 2**. Plaintiff therefore cannot establish injury-in-fact or traceability.

12. Accordingly, dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and grant any additional relief the Court deems just and proper.

Respectfully submitted,

Date: June 26, 2026

REVISION LEGAL, PLLC

/s/John Di Giacomo

John Di Giacomo
Amanda Igra
*Attorneys for Defendant*
Revision Legal, PLLC
444 Cass Street, Suite D

Traverse City, MI 49684
john@revisionlegal.com
Amanda.igra@revisionlegal.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date below, the foregoing Motion to Dismiss was filed with the Court via the Court's ECF system

Dated: June 22, 2026

/s/ John Di Giacomo
John Di Giacomo
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
john@revisionlegal.com
Amanda.igra@revisionlegal.com